IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bryar Lange, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:23-3561-BHH |
| v. ) | |
| ) | **ORDER** |
| United States Attorney General, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Petitioner Bryar Lange's ("Petitioner") pro se petition for a writ of mandamus under 28 U.S.C. § 1361, wherein he seeks a writ of mandamus to the United States Attorney General for expedited removal proceedings. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On July 31, 2023, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss the petition without prejudice and without issuance and service of process. In summary, the Magistrate Judge found that Petitioner failed to demonstrate that he meets the conditions required to warrant mandamus relief. The Magistrate Judge explained that Petitioner failed to show that he has a clear right to the relief he is seeking because he is not entitled to an immediate determination of his removal status by immigration officials, and that Petitioner failed to establish that the United States Attorney General has a clear duty to act under §§ 3632(d)(4)(E)(ii) and 1228(a). In fact, as the Magistrate Judge noted, § 1228(a) specifically provides that "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the

penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228(a)(3)(B).  Attached to the Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of being served with a copy.  After being granted an extension of time, Petitioner filed objections on August 30, 2023.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).  The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

The Court has carefully reviewed Petitioner's objections to the Report, wherein he asserts that Congress created an affirmative duty in the First Step Act of 2018 for the Attorney General to provide the relief he requests.  After review, however, the Court finds Petitioner's objections unavailing, and the Court agrees with the Magistrate Judge that, not only has Petitioner failed to demonstrate that he has a clear right to the relief he seeks, but also, the Court lacks subject matter jurisdiction over Petitioner's request for mandamus relief because § 1228 prohibits Petitioner from compelling the Attorney General to initiate removal proceedings.

Accordingly, the Court overrules Petitioner's objections (ECF No. 18), and it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 11) is adopted and specifically incorporated herein, and the instant petition for writ of mandamus is dismissed

without prejudice and without issuance and service of process.

    **IT IS SO ORDERED.**

                                                                   <u>/s/Bruce Howe Hendricks</u>
                                                                   United States District Judge

January 12, 2024
Charleston, South Carolina